UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD SCOTT BEATTY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVING, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　　Defendant. | Case No. 2:13-cv-1092-RFB-GWF<br><br>*AMENDED* **ORDER ACCEPTING REPORT AND RECOMMENDATION** |

## I.　INTRODUCTION

Before the Court is Plaintiff Ronald Scott Beatty's Motion to Remand (ECF No. 21) and Carolyn Colvin, Acting Commissioner of the Social Security Administration's ("Commissioner") Cross Motion to Affirm (ECF No. 25). On February 20, 2015, the Honorable George Foley, Jr., United States Magistrate Judge, issued a Report and Recommendation ("R&R") in which he recommended Beatty's motion be granted and Defendant's motion denied. ECF No. 32. Commissioner timely objected (ECF No. 33), and a response was filed by Plaintiff (ECF No. 34). For the reasons discussed below, the Court accepts the R&R, grants Beatty's Motion to Remand, denies the Commissioner's Cross Motion to Affirm, and remands this matter for proceedings to determine the amount of award before the Administrative Law Judge ("ALJ").

## II.　BACKGROUND

While the Commissioner objects to Judge Foley's "reweigh[ing] of the evidence and com[ing] to a different conclusion than the ALJ did" (Obj. at 3), neither Beatty nor the Commissioner objects to Judge Foley's summary of the background facts. The Court incorporates,

without restating, that background section here.  See Report and Recommendation, 1:23–19:20, ECF No. 32.

### III.    STANDARD OF REVIEW

A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(a). When written objections have been filed the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations, and authorizes district courts to "enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, "[a]n ALJ's disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks omitted). Additionally, "[i]f the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Id. at 1035.

Nevertheless, the court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009–10. Rather, the court must "review the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1040 (9th Cir. 1995). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Id.

IV.  DISCUSSON

After review of the record, the parties' briefs, and Judge Foley's R&R, the Court grants Plaintiff's Motion for Remand (ECF No. 21) and denies Acting Commissioner's Cross Motion to Affirm (ECF No. 25).

### A. COMMISSIONER'S OBJECTION TO THE REPORT AND RECOMMENDATION.

The Commissioner objects to the R&R's reversal of the ALJ's decision and asserts that the R&R improperly found evidence of reversible error. Obj. to R&R, ECF No. 33 at 3. The Commissioner offers three points in support of her assertion. First, the Commissioner argues that because Plaintiff did not challenge the ALJ's credibility findings or severe impairment determination, Plaintiff concedes that the ALJ was correct in his analysis and evaluation of the evidence leading to these findings. Id. Second, the Commissioner argues that the ALJ properly weighed the value of evidence of each medical opinion and "gave reasonable explanation for the weight given to each opinion." Id. at 8. Third, "[e]ven if this Court were to find the ALJ erred in any aspect, the R&R's indication that remand for payment of benefits is warranted is contrary to the law." Id. at 12. The Court gives its analysis of the proposed findings in the order that the Commissioner objected to them.

### B. PLAINTIFF DID NOT CONCEDE TO OR WAIVE THE RIGHT TO CHALLENGE THE ALJ'S CREDIBILITY FINDINGS.

This Court finds the Commissioner's first argument that Plaintiff waived his right to challenge the ALJ's credibility findings is without merit. The Commissioner argues that the Plaintiff did not explicitly challenge the ALJ's credibility findings and by failing to do so, Plaintiff has conceded that the ALJ was correct in its credibility findings. Obj. to R&R, ECF No. 33 at 3. In support of this the Commissioner cites, *inter alia*, to a footnote of a Ninth Circuit Appellate Court case, which states "[o]ther claims raised by [Plaintiff] for the first time on appeal—including challenges to the ALJ's rejection of [Plaintiff]'s subjective testimony, her rejection of Kim Lay's testimony … have also been waived and will not be considered in this appeal." Edlund v. Massanari, 253 F.3d 1152, 1158 n.7 (9th Cir. 2001), as amended on reh'g (Aug. 9, 2001).

1    The Court finds the cited authority does not support the Commissioner's assertion. The
2  Court finds that Edlund was an appeal from a district court's decision and as a rule in the Ninth
3  Circuit, absent special circumstances, the Appellate Court "will not consider an argument raised
4  for the first time on appeal." Spurlock v. F.B.I., 69 F.3d 1010, 1017 (9th Cir. 1995). Further, the
5  Commissioner cites to language that was "not necessary to the decision," making the footnote
6  dictum "and thus ha[s] no binding or precedential impact in the present case." Exp. Grp. v. Reef
7  Indus., Inc., 54 F.3d 1466, 1472 (9th Cir. 1995). Therefore, the Court cannot find support for the
8  Commissioner's assertion in the cited authority. Consequently, the Court must find that the
9  Commissioner has failed to prove that Plaintiff conceded to the ALJ's findings of credibility.

10   The Commissioner then reasserts the ALJ's findings and arguments addressed by Judge
11  Foley. Obj. to R&R, ECF No. 33 at 3-8. In relevant part, the Commissioner argues that the ALJ
12  was justified in finding that Plaintiff lacked credibility, because as the ALJ stated, "[a]lthough the
13  inconsistent information the claimant provided may not be the result of a conscious intention to
14  mislead, the inconsistencies nevertheless suggest that the information the claimant provided may
15  not be entirely reliable." AR at 31. The ALJ must engage in a two-step analysis to determine the
16  credibility of a claimant's testimony. First, the ALJ must determine whether there is objective
17  medical evidence of an underlying impairment which could reasonably be expected to produce the
18  alleged symptoms. Molina v. Astrue, 674 F.3d 1104, 1112-3 (9th Cir. 2011) (internal citations
19  omitted). If such evidence is presented and there is no evidence of malingering, then the ALJ must
20  give specific, clear and convincing reasons for rejecting the claimant's testimony about the severity
21  of his symptoms. Id.

22   Further, the Ninth Circuit holds that in order to be credited "the claimant is *not* required to
23  show that her impairment could reasonably be expected to cause the severity of the symptom she
24  has alleged; she need only show that it could reasonably have caused some degree of the symptom.
25  Nor must a claimant produce objective medical evidence of the pain or fatigue itself, or the severity
26  thereof." Garrison, 759 F.3d 1015 (quotations and internal citations omitted). "If the claimant
27  satisfies the first step of this analysis, and there is no evidence of malingering, 'the ALJ can reject
28  the claimant's testimony about the severity of her symptoms only by offering specific, clear and

convincing reasons for doing so.'" Smolen, 80 F.3d at 1281. See Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) ("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each"). This is not an easy requirement to meet: "[t]he clear and convincing standard is the most demanding required in Social Security cases." Garrison, 759 F.3d at 1015 (citing Moore v. Comm'r of Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)).

The parties agree with Judge Foley's description of the inconsistencies, which the Court adopts and incorporates, without restating, here. See R&R, 23:21-24:17. Further, the Court adopts and incorporates Judge Foley's determination that the ALJ erred by effectively rejecting Plaintiff's account of his symptoms after it improperly found that Plaintiff lacked credibility. Therefore, the Court finds that the ALJ did not satisfy its burden to show by clear and convincing evidence that the Plaintiff's testimony should be discredited. Consequently, this Court finds that the ALJ decision with regard to Plaintiff's credibility contained legal error.

As a procedural matter, the ALJ correctly applied the two-step test required when making determinations of credibility, which led him to characterize and find Plaintiff's testimony as "not credible" and unreliable. AR at 28-31. However, in determining that the Plaintiff was not credible, the ALJ cited to several examples in the record where Plaintiff made inconsistent statements to different medical service providers over the course of approximately three years, the majority of which dealt with the quantity and frequency of alcohol consumption. AR at 30-32. The Court recognizes when "discussing mental health issues, it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment. Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." Garrison, 759 F.3d 1017. The Court finds that the perceived inconsistency with regard to alcohol consumption, psychological ailments, and physical limitations could be reasonably understood as fluctuations in use correlating to the ebb and flow of a Plaintiff's alcohol dependency and progression of psychological illness

over the course of three years of inconsistent treatment. As Plaintiff lacked stable access to treatment for his alcohol dependency or other physiological and psychological ailments, the inconsistencies in the record do not constitute clear and convincing evidence that the Plaintiff's testimony should be discredited. Consequently, the ALJ did not satisfy its burden to prove by clear and convincing evidence that the witness's testimony regarding his symptoms should not be credited. This is consistent with the legal standard in the Ninth Circuit that requires that a claimant's testimony regarding the symptoms be rejected only when proven un-credible by clear and convincing evidence. See Garrison, 759 F.3d at 1015.

Additionally, in reviewing the record, the Court discovered that the ALJ made another error by failing to acknowledge the opinion of the SSA's examiner, Thulan Ngo, who concluded that Plaintiff's psychological "allegations [were] credible." AR at 379. Further, the record indicates that Thulan Ngo participated in the Social Security Administrations physical and psychological evaluation of the Plaintiff. AR at 379, 398. The record also indicates that the unacknowledged examiner gave opinions on Plaintiff's credibility regarding psychological and physical symptoms as well as opinions on whether the Plaintiff qualified for benefits based on medical evidence. AR at 398. Consequently, as the ALJ makes no mention of Thulan Ngo in its opinion, the Court finds that the ALJ could not have completely reviewed the record before finding that Plaintiff's testimony should be discredited.

Because of the ALJ's failure to apply the proper standard of proof before discrediting Plaintiff's testimony, for the reasons stated in Judge Foley's report on the ALJ's credibility findings, and because of the ALJ's failure to consider that the SSA's own evaluator found Plaintiff's psychological complaints credible, the Court finds that the ALJ committed reversible legal error in its adjudication of Plaintiff's claim.

**C. THE ALJ ERRED IN EVALUATING THE MEDICAL AND OTHER OPINIONS.**

The Court adopts Judge Foley's R&R, which the Court incorporates without restating here, regarding the ALJ's evaluation of what weight to grant medical and non-medical opinions. See R&R, 26:17-32:09. Additionally, as neither Plaintiff nor Commissioner has objected, the parties have implicitly accepted as true Judge Foley's finding that the ALJ incorrectly attributed Dr.

Truhn's conclusion that Plaintiff was capable of "unskilled work [with] limited social contact" to Dr. Kuentzel. E.g., AR at 368-73; AR at 379.

D. **RECOMMENDATION TO REMAND FOR CALCULATION OF AWARD OF BENEFITS IS NOT CONTRARY TO LAW.**

When considering what course of action is appropriate the Ninth Circuit has provided clear indication of the factors and tests the District Court should apply before reaching a decision to remand with instruction to calculate award of benefits:

> If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir.1981). The Social Security Act, however, makes clear that courts are empowered to affirm, modify, or reverse a decision by the Commissioner "with *or without* remanding the cause for a rehearing." 42 U.S.C. § 405(g) (emphasis added). Accordingly, every Court of Appeals has recognized that in appropriate circumstances courts are free to reverse and remand a determination by the Commissioner with instructions to calculate and award benefits. (citation omitted).
>
> Courts have generally exercised this power when it is clear from the record that a claimant is entitled to benefits, observing on occasion that inequitable conduct on the part of the Commissioner can strengthen, though not control, the case for such a remand. This Circuit clarified the scope of judicial power to remand for an award of benefits in Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396 (9th Cir.1988) ("Varney II "). There, we held that "where there are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, we will not remand solely to allow the ALJ to make specific findings regarding that testimony. Rather, we will ... take that testimony to be established as true." Id. at 1401. Specifically, we have devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits:
> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose;
> (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and
> (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.
>
> Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

The Court will analyze each element of the "credit as true" test in the order established by the Ninth Circuit Appellate Court.[1]

### 1. The record is fully developed and remand would serve no practical purpose.

As stated earlier, while the Commissioner objects to Judge Foley's "reweigh[ing] of the evidence and com[ing] to a different conclusion than the ALJ did" (Obj. at 3), neither Beatty nor the Commissioner objects to Judge Foley's summary of the background facts. The Court incorporates, without restating, that background section here. See R&R 1:23–19:20, ECF No. 32. Consequently, the record has been fully developed and further administrative proceedings would serve no useful purpose. The Court finds that the first element of the credit-as-true test is satisfied.

### 2. The ALJ incorrectly discredited the opinions of medical and non-medical treatment providers and the ALJ incorrectly rejected Plaintiff's testimony of his symptoms

As stated earlier in this order, the ALJ has failed to provide sufficient legal reasons for rejecting Plaintiff's testimony, and as a matter of law as stated in the R&R, incorrectly assigned weight to the medical and non-medical opinions. Consequently, the Court finds that the second element of the credit-as-true test is satisfied.

### 3. If the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand

For the reasons stated below, the Court finds that the third element of the credit-as-true test is satisfied. The ALJ utilized 20 CFR Appendix 1 to Subpart P of Part 404 as the governing law to determine whether Plaintiff qualified for disability. Section 12.04 defining affective disorders and 12.06 governing anxiety related disorders. 20 C.F.R. § 404(P) app. 1 (2015).

#### a. Affective Disorder

For an affective disorder "[t]he required level of severity for these disorders is met when the requirements in both A and B are satisfied." Id.  Section A is satisfied when there exists a "[m]edically documented persistence, either continuous or intermittent, of one of the following: 1.

---

[1] The Court engaged in a substantial review of the record but it is not required of any court applying the credit as true standard to undertake an independent review the record in its entirety. Garrison, 759 F.3d at 1023 n.31.

- 8 -

1  Depressive syndrome characterized by at least four of the following: a. Anhedonia or pervasive
2  loss of interest in almost all activities . . . e. Decreased energy; or f. Feelings of guilt or
3  worthlessness; or g. Difficulty concentrating or thinking; or h. Thoughts of suicide; or i.
4  Hallucinations, delusions, or paranoid thinking; AND B. Resulting in at least two of the following:
5  1. Marked restriction of activities of daily living; or 2. Marked difficulties in maintaining social
6  functioning; or 3. Marked difficulties in maintaining concentration, persistence, or pace; or 4.
7  Repeated episodes of decompensation, each of extended duration" Id.

8  If the testimony and opinions of Dr. Gant, Dr. Kuentzel, and Mr. Vincent were credited as
9  true then then there is sufficient medically documented symptomology to satisfy the requirements
10 of 12.04(a). See AR at 372, 422. Dr. Kuentzel performed an examination for the purposes of
11 Plaintiff's social security claim and diagnosed Plaintiff with "[m]ajor depression" and "[a]nxiety
12 disorder with generalized features and history of panic attack." AR at 372. Dr. Kuentzel
13 documented that plaintiff suffered suicide ideation (thoughts of suicide), flat affect consistent with
14 a depressed mood (decreased energy), seeing non-existent trails (hallucinations, though attributed
15 to Prozac), feared the "door crashing down, a tree falling" on the room he was in (paranoid
16 thinking), and anhedonia. AR at 368-72. Dr. Kuentzel found that as a result of his illness Plaintiff
17 suffered serious limitations to his social function and documented that Plaintiff reported that as a
18 result of his symptoms he was unable leave the house for days at a time (in the case of the
19 examination with Dr. Kuentzel it was a period of 11 days prior to the appointment). Id. If the ALJ
20 had not incorrectly weighed the medical opinions in their assessment then the Plaintiff would have
21 been found disabled under 20 C.F.R. § 404(P) app. 1 Sec. 12.04.

22 ### b. *Anxiety Related Disorder*

23 Drs. Gant and Kuentzel also diagnosed the Plaintiff with anxiety disorder. AR at 372,
24 422. When their medical opinions and Plaintiff's account of his symptoms are credited as true
25 the Plaintiff would be deemed disabled under 20 C.F.R. § 404(P) app. 1 Sec. 12.06.

26 > 12.06 *Anxiety Related Disorders:* In these disorders anxiety is either the
27 > predominant disturbance or it is experienced if the individual attempts to
>   master symptoms; for example, confronting the dreaded object or situation in
28

>a phobic disorder or resisting the obsessions or compulsions in obsessive compulsive disorders.
>   The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in both A and C are satisfied.
>   A. Medically documented findings of at least one of the following: 1. Generalized persistent anxiety accompanied by three out of four of the following signs or symptoms: a. Motor tension; or b. Autonomic hyperactivity; or c. Apprehensive expectation; or d. Vigilance and scanning; or 2. A persistent irrational fear of a specific object, activity, or situation which results in a compelling desire to avoid the dreaded object, activity, or situation; or 3. Recurrent severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror and sense of impending doom occurring on the average of at least once a week; or 4. Recurrent obsessions or compulsions which are a source of marked distress; or 5. Recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress; AND B. Resulting in at least two of the following: 1. Marked restriction of activities of daily living; or 2. Marked difficulties in maintaining social functioning; or 3. Marked difficulties in maintaining concentration, persistence, or pace; or 4. Repeated episodes of decompensation, each of extended duration. OR C. Resulting in complete inability to function independently outside the area of one's home.

Drs. Gant and Kuentzel both diagnosed the Plaintiff with anxiety related disorders. AR at 372, 422. Dr. Gant found that Plaintiff suffered from an anxiety disorder characterized by apprehensive expectation, vigilance and scanning, and motor tension. AR at 422. Dr. Gant also found that Plaintiff's anxiety disorder resulted in marked restrictions to his daily living, difficulty in maintaining social function, restrictions in maintaining function and pace, and repeated episodes of decompensation each of extended duration. AR at 423.

Similarly, Dr. Kuentzel found in his examination for the Social Security Administration that Plaintiff suffered from an anxiety disorder. AR at 372. Dr. Kuentzel documented that as a result of his disorder the Plaintiff alleged suffering the impending feeling of doom (apprehensive expectation), he would feel dizzy and have trouble breathing (autonomic hyperactivity), and feels anxious and tense (motor tension). AR at 369. Dr. Kuentzel found that as a result of his illness Plaintiff suffered serious limitations to his social function and documented that Plaintiff reported being unable leave the house for days at a time due to his symptoms (in the case of the

examination with Dr. Kuentzel it was a period of 11 days prior to the appointment). Id. at 368-73.

If the ALJ had not incorrectly weighed the medical opinions in their assessment then the Plaintiff would have been found disabled under 20 C.F.R. § 404(P) app. 1 Sec. 12.06. When credited as true, the improperly discredited testimony clearly indicates that Plaintiff suffered at least two types of psychological disorders that qualify as disabling under the relevant law.

### c. *The Effect of the Credit-As-True Analysis*

The Court finds that remand with the direction for further proceedings on credibility would not be appropriate. "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." Lewin v, 654 F.2d 635. However, "where there are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the …testimony were credited, [the Court] will not remand solely to allow the ALJ to make specific findings regarding that testimony. Rather, [the Court] will ... take that testimony to be established as true." Varney, 859 F.2d 1402.

Here, as discussed above, there are no outstanding issues the must be resolved and remand would solve no useful purpose. Therefore, the Court finds that the when the testimony and opinions incorrectly discredited by the ALJ are credited as true the ALJ would be required to award benefits. Consequently, Judge Foley's recommendation to remand for calculation of benefits is not contrary to law.

## V.     CONCLUSION

Accordingly,

**IT IS ORDERED** that the Report and Recommendation, ECF No. 32, is **ACCEPTED.**

**IT IS FURTHER ORDERED** that the decision of the Administrative Law Judge with respect to the disability determination is reversed. The clerk of court is ordered to enter judgment in favor of the plaintiff with respect to the disability determination.

**IT IS FURTHER ORDERED** that Plaintiff Ronald Scott Beatty's Motion to Remand, ECF No. 21, is **GRANTED**.

**IT IS FURTHER ORDERED** that Carolyn Colvin, Acting Commissioner of the Social Security Administration's Cross Motion to Affirm, ECF No. 25, is **DENIED**.

**IT IS FURTHER ORDERED** that the matter be remanded to the Administrative Law Judge to calculate the award of benefits.

**DATED**: November 23, 2016.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**